IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WINFRED WITHERSPOON, #325747 | * | |
| v. | * | CIVIL ACTION NO. JFM-08-2420 |
| JAMES HOLWAGER, PSYCHOLOGIST, | * | |
| S. HAFERCAMP, PSYCHOLOGY DEPARTMENT | * | |
| KAREN STRATON, R.N. CORRECTIONAL OFFICER SMITH | * | |

\*\*\*

MEMORANDUM

Winfred Witherspoon, ("Witherspoon") is an inmate confined at the North Branch Correctional Institution ("NBCI"). On September 16, 2008, the court received for filing Witherspoon's 42 U.S.C. § 1983 civil rights action for damages and injunctive relief. He alleges that he is in imminent danger of serious harm because he is not receiving treatment for his serious mental disorder. Paper No. 1. Witherspoon alleges that defendants are aware of his psychiatric needs and the "life threatening risk to my health and safety, but disregarded that risk" by failing to provide him effective mental health treatment. *Id*. He claims that as a result of their deliberate indifference, he suffered pain to his hand, back, and tooth after attempting suicide. *Id*. Witherspoon subsequently amended his complaint to allege that on November 22 and December 24, 2008 he told Correctional Officer Smith of his suicidal ideation and Smith failed to notify the psychology department. Paper No. 31.

On March 30, 2009, defendants Holwager, Hafercamp, and Smith filed a motion to dismiss or, in the alternative, motion for summary judgment. Paper No. 41. Defendant Straton filed a motion to dismiss or alternatively, motion for summary judgment on July 7, 2009. Paper No. 67.

On August 10, 2009, plaintiff filed an opposition response. Paper No. 74. After careful review, the court finds that an oral hearing is not necessary to the disposition of this case. *See* Local Rule 105.6. (D. Md. 2008). For reasons to follow defendants' motions, treated as motions for summary judgment, shall be granted.

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting

*Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

Witherspoon claims that he is not provided adequate psychiatric and psychological care. As an inmate sentenced to confinement, he is entitled to receive reasonable treatment for his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Failure to provide treatment, when indicating a "deliberate indifference to serious medical needs of prisoners" results in "the 'unnecessary and wanton infliction of pain,'...proscribed by the Eighth Amendment." *Id*. at 104. Deliberate indifference is shown by establishing that the defendant had actual knowledge or awareness of an obvious risk to a plaintiff's serious medical need and failed to take steps to abate that risk. *See generally, Farmer v. Brennan*, 511 U.S. 825 (1994); *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101 (4th Cir. 1995). An inmate also has an Eighth Amendment right to be free from deliberate indifference to serious psychiatric needs. *See Comstock v. McCray*, 273 F.3d 693, 702 (6th Cir. 2001). There is no underlying distinction between the right to medical care for physical ills and its psychological and psychiatric counterpart. *See Bowring v. Goodwin*, 551 F.2d 44, 47 (4th Cir. 1977). An inmate is entitled to such treatment if a "[p]hysician or other health care provider, exercising ordinary skill and care at the time of the observation, concludes with reasonable certainty (1) that the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or the denial of care would be substantial." *Id*. The *Bowring*

court further concluded that the aforementioned right to such treatment is based upon the essential test of medical necessity and not upon that care considered merely desirable. *Id*. at 48. As previously noted, even if the inmate shows that he was denied psychological or psychiatric treatment, he must also demonstrate that the failure or refusal to provide treatment constituted deliberate indifference on behalf of medical personnel.

Defendant Holwager, Hafercamp, and Smith argue that a review of Witherspoon's records from January 2008 to the March 2009 filing date of their dispositive motion shows that NBCI medical and psychology staff have been responsive to Witherspoon's requests for treatment.[1] Paper No. 41, Ex. 1. They state that since his arrival at NBCI Witherspoon has been repeatedly seen by psychology personnel. Accompanying the record is the affidavit of NBCI Chief Psychologist Holwager, who maintains that attempts to counsel Witherspoon have "proven challenging," as Witherspoon has become frustrated with the failure of staff to act on his requests as he deems appropriate. *Id*., Ex. 2. Holwager claims that Witherspoon was triaged as a lower priority patient because he had not been exhibiting symptoms, then was referred to a psychiatrist and started on medication.[2] Paper No. 41, Ex. 2. Holwager affirms that Witherspoon has been amenable to discussing his psychological problems on but two occasions,[3] and his psychology visits otherwise involved bouts of anger directed at staff regarding his rights and treatment. *Id*.

---

[1] Defendants also argue that Witherspoon has failed to exhaust his administrative remedies as required under 42 U.S.C. § 1997e.

[2] Documentation indicates that Witherspoon is being treated with the anti-depressant drug Celexa for a depressive disorder. Paper No. 41, Exs. 1 & 2. While the records repeatedly reflect that he has been assessed for bipolar disorder, it is defendant Holwager's opinion that Witherspoon has never demonstrated sufficient symptoms to warrant a bipolar disorder diagnosis. *Id*., Ex. 2.

[3] Witherspoon was seen by a psychology associate on January 23, 2009, after alleging that he was having suicidal thoughts. Paper No. 41, Ex. 2. The associate found that Witherspoon did not appear to be

Defendants also argue that Witherspoon has received constitutionally adequate medical care as related to his alleged injuries to his back and hand. They state that while Witherspoon does not specify the date he injured himself, the record appears to show that in late July of 2008, he complained about pain to his back and hand related to punching the wall and slipping and falling in his cell.[4]  *Id.*, Exs. 1 & 2. X-rays of the lumbar spine and right wrist were ordered in September of 2008 due to his Witherspoon's history of osteroporosis and the fall in his cell. *Id.* The wrist x-ray was negative and the lumbar spine series showed no fracture, sublaxation, degerenative joint disease or significant osteoporosis. *Id.*, Ex. 1. Witherspoon was also seen on October 12, 2008, for a physical therapy evaluation of his right hand/wrist. When seen by the therapist, Witherspoon claimed that he hurt himself while having homicidal and suicidal thoughts. *Id.* The physical therapist reported that the right wrist/hand was tight toward the end of range of motion and there was some edema on the dorsal surface of the wrist, but otherwise no abnormalities were palpated. *Id.* Witherspoon was instructed on self-therapy exercises. A follow-up physical therapy re-evaluation occurred on November 9, 2008. Paper No. 41, Ex. 2. The therapist noted that Witherspoon has denied "hitting any walls since his last eval[uation]." *Id.* She further observed that there was no significant palpation or boney abnormality, but that swelling was still present. *Id.* She concluded that the problem could not be addressed by physical therapy and that further physical therapy was not planned. *Id.* Plaintiff was discharged with an exercise plan. *Id.*

---

suicidal or homicidal, but was instead argumentative in regard to the timing of responses to his verbal requests for treatment. Plaintiff also questioned whether psychology staff would provide him assistance after being subject to his lawsuits. *Id.* He was assessed as being antisocial and malingering. *Id.*

[4]  Defendants state that Witherspoon has a history of complaints regarding back pain which pre-date his fall in his cell. They maintain that none of Witherspoon's sick-call requests during the 2008 period in question mention any injury to his tooth.

Correctional Officer Smith contends that there is no evidence to substantiate the allegation that Witherspoon verbalized suicidal ideation to him on November 22 or December 24, 2008. Paper Nos. 41 & 44, Ex. 3. He affirms that he does not recall speaking to Witherspoon on those dates. *Id*.

Defendant Stratton[5] claims that she has no responsibility for arranging medical treatment based upon an inmate's sick-call requests or medical and psychology department referrals. Paper No. 67, Ex. D. She affirms that she makes weekly tier rounds of segregation inmates at NBCI and if an inmate is expressing an imminent suicide plan to her or is displaying suicidal behavior while she is conducting her rounds, she will have the inmate placed under observation and will immediately notify the psychology department. *Id*. Stratton states that she does not provide individual counseling or psychotherapy to inmates. *Id*.

Stratton also claims that she was not assigned to work at NBCI on any of the dates set out by Witherspoon. She further affirms that regardless of the dates in question, at no point in time did Witherspoon express any suicidal ideation to her nor did she observe him display any suicidal behavior. *Id*.

In his opposition plaintiff claims that defendants did violate his established constitutional rights. Paper No. 74. He argues that evidence establishes that he did not receive appropriate psychiatric care. *Id*. Plaintiff alleges that defendants' deliberate indifference is demonstrated by the April 19, 2009 suicide of another inmate and that there are "significant inconsistencies" and untruths in defendant Holwager's declaration. *Id*. He maintains that he did not see mental health staff on two of the appointed days alleged by defendants, he was not provided his psychotropic medication as ordered, and his five-minute psychotherapy appointments did not help his mental illness. *Id*.

---

[5] The docket shall be amended to reflect the proper name of this defendant.

Accompanying the opposition is plaintiff's declaration, which discusses the seriousness of his psychological needs, and the affidavits from other NBCI inmates in which they affirm that they witnessed plaintiff tell Nurse Statton and Officer Smith of his suicidal ideation and his need to see a psychologist. *Id*. at Decl. & Exs. L-Z.  The affidavits also claim that there is a general failure of the NBCI administration and psychology department to provide treatment to mentally ill NBCI disciplinary segregation inmates. *Id*.

Witherspoon is a forty-six year old male with a history of cardiovascular disease and osteoporosis.  His numerous sick-call requests throughout 2008 do not directly relate to any mental health issues, with the exception of June and November 2008 requests for a psych consult and mental health literature. On September 22, 2008, Witherspoon complained about the quality of mental health counseling, indicating that it is of such "low caliber" that it amounted to "no counseling." From August to October of 2008, Witherspoon did file sick-call requests seeking care for his back and hand, claiming that he injured them trying to get psychiatric care.  Witherspoon's medical record is unremarkable with regard to psychological issues.  While he has been diagnosed with a situational depressive disorder, he has been prescribed medication for same and he has not otherwise exhibited serious psychological symptoms.  Nonetheless, during 2008, Witherspoon was seen by psychology staff approximately fifteen to seventeen times.  He has at best articulated his disagreement with the frequency and intensity of the counseling sessions.  Such a dispute alone does not comprise a violation of the Eighth Amendment.  His complaint for damages and injunctive relief is without merit.  A separate Order reflecting the rulings entered in this opinion shall be entered.

Date: August 13, 2009         \_\_/s/_____
                              J. Frederick Motz
                              United States District Judge